IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KIMBERLY TRAN a/k/a DUNG KIM TRAN, | : | No. 21-730 |
| Defendant. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                                     **January 18, 2022**

      Before the Court is Plaintiff United States' motion for default judgment against Defendant Kimberly Tran, who is also known as Dung Kim Tran. The United States seeks to collect unpaid federal income tax liabilities assessed against Tran for the tax years of 2011 and 2012. The Complaint alleges that, as of March 1, 2021, Tran is indebted to the United States in the amount of $82,277.26, in addition to interest and penalties accruing after that date as provided by the law.

      Tran failed to timely respond to the Complaint, and the United States subsequently requested and obtained an entry of default against Tran. The United States now moves for default judgment against Tran. For the reasons that follow, the United States' motion for default judgment will be granted.

    **I.**       **BACKGROUND**

      On February 18, 2021, the United States filed a one-count complaint against Tran alleging that she failed to pay federal income taxes in the tax years of 2011 and 2012. (Compl. ¶ 5.) A delegate of the Secretary of the Treasury made the following income tax assessments against Defendant:

1

| Assessment Type | Tax Period Ending | Dates of Assessment | Amount of Assessment | Outstanding Balance (as of March 1, 2021) |
|---|---|---|---|---|
| Income Tax (Form 1040) | December 31, 2011 | October 8, 2014 | $30,363.00 | $62,092.31 |
| Income Tax (Form 1040) | December 31, 2012 | December 8, 2014 | $8,597.00 | $20,184.95 |

(*Id.*)

The delegate calculated the total amount of the assessment to be $38,960.00 and Tran's total outstanding balance to be $82,277.26 as of March 1, 2021, non-inclusive of interest and penalties accruing after that date as provided by the law. (*Id.* ¶¶ 5-6, 9.) Despite the United States providing notice and demand for payment of these assessments to Tran, she has not made full payment of the assessments to the United States. (*Id.* ¶ 8.)

After Tran failed to timely answer or otherwise respond to the Complaint, the United States filed a request for an entry of default on April 15, 2021. (ECF No. 4.) The Court entered default against Tran pursuant to Fed. R. Civ. P. 55(a) on April 20, 2021. (ECF No. 5.) The United States filed a motion for default judgment against Tran on April 26, 2021.[1] (ECF No. 6.)

## II.     STANDARD OF REVIEW

After an entry of default is obtained, Fed. R. Civ. P. 55(b)(2) provides that a district court may enter default judgment against a properly served defendant who fails to a file a timely responsive pleading. *Anchorage Assocs. v. V.I. Bd. of Tax Revenue*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). An entry of default, however, does not automatically entitle the non-defaulting party to a default judgment. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). Rather, the

---

[1] On August 23, 2021, the United States filed the declaration of Internal Revenue Service Revenue Officer Advisor Erikka Ashford. (ECF No. 7.) After some difficulty in confirming Tran's identity, Ashford represented in her declaration that the federal income taxes at issue in this action had been properly assessed against the appropriate person. (*See id.* ¶ 7.)

decision to enter a default judgment is "left primarily to the discretion of the district court." *Id.* at 1181.

### III.     DISCUSSION

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). "However, when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c)." *Mount Nittany Med. Ctr. v. Nittany Urgent Care, P.C.*, Civ. A. No. 4:11-622, 2011 WL 5869812, at *1 (M.D. Pa. Nov. 22, 2011) (citing *Anchorage Assocs.*, 922 F.2d at 177 n.9)).

It is clear that all three factors weigh in favor of granting a default judgment against Tran. First, a plaintiff will be prejudiced absent a default judgment when a defendant fails to respond to the plaintiff's claims because the "plaintiff will be left with no other means to vindicate his or her claims." *United States v. Vo*, Civ. A. No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016). Here, Tran did not timely respond to the United States' claims. Indeed, nearly a year after the Complaint was first filed, Tran has not participated in this matter at all, portending an indefinite delay without default judgment. *See id.* ("Here, Defendant refused to participate in this matter, and at present, this delay may stretch on indefinitely. Thus, denying this motion for default judgment will prejudice Plaintiff.").

Second, "[a] claim, or defense, will be deemed meritorious when the allegations of the

pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869-70 (3d Cir. 1984). Here, the Court is unable to consider whether Tran has any litigable, meritorious defenses because she never answered or responded to the Complaint or otherwise participated in this litigation.

Third, a defendant's failure to answer or otherwise respond to a complaint without providing any reasonable explanation permits the Court to draw an inference of culpability on the part of the defendant. *United States v. Cruz*, Civ. A No. 20-3903, 2021 WL 1884862, at *2 (D.N.J. May 11, 2021). Here, Tran has not answered or responded to the Complaint, allowing the Court to infer of culpability on her part. *See United States v. O'Brien*, Civ. A. No. 20-65, 2020 WL 6322829, at *1 (W.D. Pa. Oct. 27, 2020) ("[B]ecause Defendants have failed to participate in this litigation in any way, the Court cannot speculate as to whether they have a litigable defense or whether their default is due to culpable conduct. Thus, entry of default judgment against Defendants is appropriate.").

Consequently, the United States is entitled to a default judgment. Tran is thus deemed to have admitted "all well-pleaded allegations in the complaint," including the validity of the United States' assessments against her and that notice of these assessments and demands for their payment were properly made on her. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *O'Brien*, 2020 WL 6322829 at *2. According to the assessments in the Complaint, Tran is indebted to the United States for the tax years of 2011 and 2012 in the amount of $82,277.26 as of March 1, 2021. (Compl. ¶¶ 5, 9). The Complaint's assessments are entitled to a presumption of correctness, which Tran has not rebutted. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002).

The Court will enter default judgment accordingly.

## IV.     CONCLUSION

For the reasons stated above, the United States' motion for default judgment against Tran will be granted as to the United States' claim for a judgment on Tran's tax liability in the total amount of $82,277.26, in addition to further accruals of interest and statutory additions as provided by the law. An Order consistent with this Memorandum will be docketed separately.